1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  CHARLES IVIE,                                No. 2:14-cv-2935 TLN CKD PS
12          Plaintiff,
13      v.                                       ORDER
14  VERMONT JUDICIARY, et al.,
15          Defendants.
16

17      Plaintiff is proceeding in this action pro se. Plaintiff does not allege a basis for subject

18  matter jurisdiction. The federal venue statute provides that a civil action may be brought only in

19  "(1) a judicial district where any defendant resides, if all defendants are residents of the State in

20  which the district is located; (2) a judicial district in which a substantial part of the events or

21  omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

22  the action is situated; or (3) if there is no district in which an action may otherwise be brought as

23  provided in this section, any judicial district in which any defendant is subject to the court's

24  personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

25      In this action, the incident giving rise to plaintiff's claims occurred in Burlington,

26  Vermont. Therefore, plaintiff's claim should have been filed in the United States District Court,

27  District of Vermont. In the interest of justice, a federal court may transfer a complaint filed in the

28  /////

                                                      1

1  wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918,
2  932 (D.C. Cir. 1974).
3      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
4  States District, District of Vermont.
5  Dated:  January 8, 2015

    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

8  4 ivie.tra